UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
PETER FERNANDEZ,

                Plaintiff,                              **COMPLAINT**

   -against-                                           JURY TRIAL DEMANDED

THE CITY OF NEW YORK, and MARC WASKOWITZ,

                Defendants.
------------------------------------------------------------------------x

Plaintiff, Peter Fernandez, by and through his attorneys, **THE LAW OFFICE OF SCOTT G. CERBIN, ESQ., PLLC**, complaining of the defendants herein, respectfully shows the Court and alleges:

## PRELIMINARY STATEMENT

1. This is a civil rights action in which the plaintiff seeks relief for the defendant's violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. §§ 1981 and 1983; by the United States Constitution, including its Fourth and Fourteenth Amendments, and by the laws and Constitution of the State of New York. The plaintiff seeks damages, both compensatory and punitive, affirmative equitable relief, an award of costs and attorney's fees, and such other and further relief as this court deems just and equitable.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked under 28 U.S.C. § 1343 and 42 U.S.C. §§ 1981 and 1983.

1

3. The plaintiff further invokes this court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

4. Venue herein is proper for the United States District Court for the Eastern District of New York under 28 U.S.C. § 1391 (a), (b) and (c).

## **PARTIES**

5. Plaintiff Peter Fernandez is 21 years old and at all times hereinafter mentioned was and still is a citizen of the United States residing in the State of New York and the County of Queens.

6. Defendant THE CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

7. Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

8. Defendant WASKOWITZ is and was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of THE CITY OF NEW

YORK and/or the New York City Police Department, a municipal agency of defendant THE CITY OF NEW YORK. Defendant WASKOWITZ is and was at all times relevant herein acting under color of state law in the course and scope of his duties and functions as an officer, agent, servant, and employee of defendant THE CITY OF NEW YORK, was acting for, and on behalf of, and with the power and authority vested in him by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duties. Defendant WASKOWITZ is sued individually.

## STATEMENT OF FACTS

9. On February 23, 2024 at approximately 7 a.m., at 155-47 101st Street, Howard Beach NY, in the confines of the 106th Precinct, Plaintiff was physically assaulted by Defendant WASKOWITZ. Upon information and belief, the police were called to the location because of a disturbance involving Plaintiff and his parents. Video footage captures WASKOWITZ, on a public street, punch Plaintiff in the face with a closed fist and then electrocute him with a Taser while plaintiff is surrounded by multiple other officers. At the time of the battery Plaintiff is not in a fighting stance and has his hands at his side. It appears from the video to be an unprovoked and completely unnecessary use of potentially lethal force. Upon information and belief, the officers on the scene have body camera footage of the incident.

10. The police then take plaintiff to Jamaica hospital in handcuffs, where a Taser prong is removed from his chest. Plaintiff is then released from the hospital with no criminal charges filed against him.

## AS AND FOR A FIRST CAUSE OF ACTION
(False arrest and false imprisonment)

11. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

12. By the actions described above, Defendant WASKOWITZ falsely arrested, or caused to be falsely arrested plaintiff without reasonable or probable cause, illegally and without a warrant, and without any right to do so. The acts and conduct of the defendant was the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the United States Constitution, including its Fourth and Fourteenth Amendments.

13. As a result of the foregoing, plaintiff was deprived of his liberty, suffered great humiliation, costs and expenses, and was otherwise damaged and injured.


## AS AND FOR A SECOND CAUSE OF ACTION
(Liability of Defendant the City of
New York for Constitutional Violations)

14. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

15. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through Defendant WASKOWITZ had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

16. At all times material to this complaint, Defendant THE CITY OF NEW YORK, acting through its police department, and through Defendant WASKOWITZ had

de facto policies, practices, customs and usages of failing to properly train, screen, supervise or discipline employees and police officers, and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline said defendants. The policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

17. As a result of the foregoing, plaintiff was deprived of his liberty, suffered great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A THIRD CAUSE OF ACTION
**(Excessive Force)**

18. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

19. By the actions described above, Defendant WASKOWITZ used excessive force and without any right to do so. The acts and conduct of the defendant was the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the United States Constitution, including its Fourth and Fourteenth Amendments.

20. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific bodily injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Assault and battery)

21. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

22. Defendant WASKOWITZ intentionally assaulted and battered plaintiff. The acts and conduct of the defendant was the direct and proximate cause of physical and emotional injury to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

23. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific bodily injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

**WHEREFORE**, plaintiff demands the following relief jointly and severally against all of the defendants:

    a. Compensatory damages;

    b. Punitive damages;

    c. The convening and empaneling of a jury to consider the merits of the claims herein;

    d. Costs and interest and attorneys' fees;

    e. Such other further relief as this court may deem appropriate and equitable.

Dated: Brooklyn, New York
October 8, 2024

    Respectfully submitted,

    **SCOTT G. CERBIN, ESQ., PLLC**
    Counsel for the Plaintiff

    _____
    By: Scott G. Cerbin (SC5508)
    254 36th Street, Suite C659
    Brooklyn, NY 11232
    (718) 596-1829
    mail@cerbinlaw.com